581 So.2d 992 (1991)
James B. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-00791.
District Court of Appeal of Florida, Second District.
June 28, 1991.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Chief Judge.
The appellant, James B. Thomas, after pleading nolo contendere to the charges of burglary of a dwelling and grand theft, challenges a subsequent trial court order directing him to pay $8500 in restitution. We reverse.
The appellant pled nolo contendere to the charges of burglary of a dwelling and grand theft. The trial court accepted his plea and, after adjudicating him guilty of those offenses, sentenced him as a youthful offender to two concurrent sentences of two years imprisonment to be followed by three years of probation. At the conclusion of a restitution hearing, the court ordered him to pay the sum of $8500 in *993 restitution. The appellant filed a timely notice of appeal.
We agree with the appellant's contention that the state did not present sufficient, competent evidence to support the court's determination of the amount of restitution. Section 775.089(1)(a), Florida Statutes (1987), requires the trial court to impose restitution unless it finds reasons not to do so. When the amount of restitution is in dispute, as in this case, the state has the burden of demonstrating by a preponderance of the evidence the amount of the victim's loss. The state did not meet its burden in this case.
The victim testified at the restitution hearing that twenty guns had been taken from her residence and that these guns had never been recovered. The victim was unable to give her own opinion of the value of the weapons. She instead presented slips of paper indicating the serial numbers and the value of the guns. These slips of paper were obtained by the victim from the owner and an employee of a gun shop. The figures had been written on paper after the two men referred to certain books. The appellant's objection to this evidence on the basis of hearsay was denied, the evidence was admitted, and the appellant was ordered to pay $8500 in restitution.
While hearsay evidence may be used to determine the amount of restitution if there is no proper objection to that evidence, the appellant in this case made a proper objection, and it should have been sustained. Flanagan v. State, 536 So.2d 275 (Fla. 2d DCA 1988); Mansell v. State, 498 So.2d 604 (Fla. 2d DCA 1986). See also Fleming v. State, 547 So.2d 668 (Fla. 1st DCA 1989). The gun shop owner and his employee might have been qualified to give an opinion as to the value of the guns, and the books they referred to might have supplied the proper information. However, the men did not testify and the books were not presented to the court, and the appellant, therefore, had no way to question the men or examine the books used to make this determination.
We, accordingly, reverse and remand for another hearing to determine the amount of restitution.
Reversed and remanded.
SCHEB and DANAHY, JJ., concur.