636 So.2d 822 (1994)
Frank ISTVANDITSCH, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1632.
District Court of Appeal of Florida, Fourth District.
May 4, 1994.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant, Frank Istvanditsch, appeals an order requiring him to pay restitution in the *823 amount of $172,873.52. At the hearing, appellant testified as to his present and future ability to pay. His testimony indicated that his monthly disability checks of $432.00 were his only source of income and that his income, combined with his wife's, was insufficient to meet their expenses without contribution from their children. He testified that he was disabled from a heart condition which prevented him from doing the types of work that he had done before and that he had no skills or education that would enable him to find suitable employment in view of his disability. Even if he were able to work at Burger King or McDonald's as the prosecutor suggested in his argument, he would not make enough money to pay the amount of restitution awarded. Therefore, even if his claim to have outstanding medical bills of $30,000 is discounted because of appellant's failure to provide documentation to substantiate it, the other testimony, which was essentially unrebutted, suggests a lack of both present and future ability to pay even a fraction of the rather substantial amount of restitution awarded.
It is interesting to note that the trial court, in declining to impose attorney's fees and court costs on the appellant, based its decision on a finding that "Mr. Istvanditsch does not have the ability, present or future to pay fees and costs ..." (emphasis supplied). The total sum of such fees and costs would have been $518.00. If the court found that appellant did not have the present or future ability to pay $518.00, then the court could not have based its restitution award on a finding that appellant had the present or potential future ability to pay $172,873.52.
Appellee suggests that the restitution award should be affirmed because the trial court did not set any payment schedule and simply told appellant he was expected to pay when he was able to do so. However a recent case from this court suggests that it is improper to award an amount of restitution that the defendant does not have the ability to pay on the basis that the defendant can pay if he is ever able to do so. See McInnis v. State, 624 So.2d 856 (Fla. 4th DCA 1993). In McInnis, we reversed an order of restitution where the trial court found that the appellant had no present ability to pay the $23,000 awarded as restitution but entered a judgment for restitution notwithstanding "in case the appellant should win the lottery". Id. Under these circumstances, the amount of restitution awarded was inappropriate.
In view of the appellant's testimony and the court's finding with respect to his inability to pay fees and costs, the trial court erred in awarding restitution in the amount of $172,873.52. The restitution order is therefore reversed and remanded for the trial court to order an amount, if any, which is within appellant's present or potential future ability to pay.
REVERSED AND REMANDED.
HERSEY and FARMER, JJ., concur.
ANSTEAD, J., concurs specially with opinion.
ANSTEAD, Judge, concurring specially.
I agree in all respects with the majority opinion, except that I would simply strike the provisions for restitution as we did in McInnis.