642 So.2d 578 (1994)
May BAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3188.
District Court of Appeal of Florida, Fifth District.
August 12, 1994.
Certification Denied September 20, 1994.
*579 Steven G. Mason, of Law Offices of Steven G. Mason, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
GRIFFIN, Judge.
Bain appeals an order setting restitution as a condition of her probation after conviction of multiple counts of fraud and grand theft arising out of her ownership of a mortgage company. Bain and a codefendant, Annette Alexatos, were alleged to have defrauded investors by misappropriating funds and diverting mortgage profits. The appealed order of restitution calls for repayment of amounts in excess of $400,000, payable to several victims in various amounts.
Bain raises two issues. First, she contends that while the victims may have suffered losses on the mortgages charged in the information, they received substantial payment overages on other mortgages to which they were not entitled. She contends she is entitled to set off those amounts against the claimed restitution. This setoff claim was disallowed by the lower court on the ground that the restitution statute did not contemplate the litigation of setoff claims by the convicted offender. The lower court did not err in rejecting the setoff claim.[1]
Bain also complains about the amount of restitution ordered. After hearing evidence on the amount of the loss, Bain's present and future ability to pay, and related matters as set out in section 775.089(7), Florida Statutes (1993), the lower court found Bain had the present and future ability to pay restitution in the amount ordered. The court also imputed to Bain an income of a minimum of $200 per week (40 hours per week at $5.00 *580 per hour) and required payment on a schedule of $80 per month. Bain claims the court erred in ordering this restitution because the evidence clearly showed she had no ability to make restitution in the amount of $498,814.61 or anywhere close to it. The question is whether the lower court could properly assess such an amount as restitution in the face of Bain's testimony that she is penniless and unemployed.
There is little doubt what sections 775.089(6) and (7), Florida Statutes say; the question bedeviling this panel is what they mean in practical application:
Restitution.  (6) The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the present and potential future financial needs and earning ability of the defendant and his dependents, and such other facts which it deems appropriate.
Subsection (7) allocates the burden of proof:
Restitution.  (7) Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the state attorney. The burden of demonstrating the present financial resources and the absence of potential future financial resources of the defendant and the financial needs of the defendant and his dependents is on the defendant.
Bain is 48 years old. She testified she has looked for work but has been unable to find anything; she has not worked since September of 1989 when her company was taken from her. She claims she has no other income. She is not making monthly payments on her home, which she asserts has no equity. She claims that her food comes from the Human Crisis Center, her water comes from a well, and her utilities cost about $250 per month. She owns no stocks, bonds or real estate. Her personal debts and the mortgage on the marital residence exceed $500,000.
Against Bain's portrayal of her dire economic circumstances are matters known to the trial court as the result of participating in the trial of the two defendants, including amounts stolen, amounts recovered, Bain's preconviction life-style, including her $600,000 home, her extensive work history and wage earning capacity, her professional licenses, and her previous acquisition and operation of a large mortgage company.[2]
In Medina v. State, 591 So.2d 1085 (Fla. 3d DCA 1991), the appellate court found that an order requiring a defendant to pay $37,485 in restitution as a condition of probation was unreasonable, where defendant had no present financial resources and no "potential future financial resources" to pay restitution. But in Butts v. State, 575 So.2d 1379 (Fla. 5th DCA 1991), this court held that evidence that the defendant would seek work in the service industry at an hourly wage of $7.00 to $8.00 per hour for a 40 hour week indicated a future earning ability and supported a restitution order. Although the opinion gives no indication of the total amount of the restitution awarded, the court is clear that the restitution statute puts the burden of establishing present and future inability to pay on the defendant. 575 So.2d at 1379. Exactly how a defendant is to prove an absence of potential future inability to pay is uncertain.
The monthly installment assessed Bain as a contribution to restitution is reasonable and plainly is within her present and future ability to pay. The only evidence offered the trial court about future inability to pay the amount of the losses suffered by the victims came from Bain herself, which the court was entitled to accept or reject based on credibility. Therrien v. State, 637 So.2d 288 (Fla. 5th DCA 1994). The legislature has expressed its intent that, in addition to any punishment, restitution of losses caused by the crime should be made to the victim, absent compelling reasons not to do so. § 775.089, Fla. Stat. (1993). It is clear under Florida law that Bain will not be subject to probation revocation for inability to pay. It also *581 appears, however, that if a court sets a low restitution amount based on her pleas of perpetual poverty and yet Bain later manifests the ability to pay, the court will be unable to increase the amount of restitution. J.C. v. State, 632 So.2d 1092 (Fla. 2d DCA 1994). The dissent's suggestion that the order of restitution should be delayed does not solve the problem. It also appears inconsistent with the supreme court's expressed view that restitution should be ordered at the earliest possible date. State v. Sanderson, 625 So.2d 471 (Fla. 1993).
AFFIRMED.
PETERSON, J., concurs.
W. SHARP, J., dissents with opinion.
W. SHARP, Judge, dissenting.
I respectfully dissent, and would reverse in part. Bain appeals from an order of restitution imposed after she was convicted of multiple counts of grand theft and mortgage fraud, which arose out of her ownership of Colonial Mortgage Company. Bain and a codefendant, Annette Alexatos (who is not a party to this appeal), defrauded investors, inter alia, through a scheme to misappropriate money and divert mortgage profits. Bain was sentenced to seven years imprisonment to be followed by thirty years probation.
After a hearing on the restitution issue, the trial judge found that Bain could be expected to earn $5.00 per hour, and imputed that income to her. She then found Bain had both the present and future ability to pay $500,000.00[1] in restitution as a condition of probation, payable at a minimum amount of $80.00 per month. At the hearing below and on appeal, Bain claims that the trial court erroneously found she had the ability to pay the amounts of restitution ordered in this case.
The evidence at the hearing revealed that Bain was forty-seven years old, had no income or special training or education, and that neither she nor her husband was employed. Bain's husband had declared bankruptcy. Bain was not making monthly payments on her home and it was in bankruptcy. She was receiving food from the Human Crisis Center, and her water came from a well. She owed money to several people (including family) and was liable on a personal loan of $90,000.00. She had no assets whatsoever and no equity in her home. Bain testified she had been looking for work but was unable to find any employment. No evidence was presented to rebut this testimony.
In my view, the evidence in this record is insufficient to support the trial judge's finding that Bain has the future ability to earn more than a modest amount of money even though she had the burden of proof on this issue. § 775.089(7). Her incarceration prior to probation will not enhance this ability. Her felony conviction will clearly impact her future ability to maintain and do business under any mortgage broker or real estate license she may have had, assuming she still has one. Also, clearly she has no ability to ever again acquire and operate another mortgage servicing business in Florida.[2]
Although I think the record supports an $80.00 per month restitution payment, I cannot agree the record shows Bain has the present or future ability to ultimately pay $500,000.00 on her imputed minimum wage salary. At $5.00 per hour, Bain's gross annual income for fifty-two weeks would be $10,400.00. At that rate, assuming she could save the full amount, and procure someone else to pay her taxes and support her, it would take forty-eight years to pay $500,000.00. To find that Bain has a future ability to pay $500,000.00, under these circumstances, ignores the statutory mandate in favor of an "anything goes" attitude. One can always win the Florida lottery and therefore any sum awarded for restitution must be affirmed.
Subsections 775.089(1) and (6) provide that restitution shall be ordered only when the trial judge finds that the defendant has *582 the present and future ability to pay it. (emphasis supplied). See also Medina v. State, 591 So.2d 1085 (Fla. 3d DCA 1991). In the absence of any evidence showing an ability to pay the amount assessed, my view is that a restitution order should be reversed, stayed or tolled. See Peters v. State, 555 So.2d 450 (Fla. 4th DCA 1990); Ballance v. State, 447 So.2d 974, 976 (Fla. 1st DCA 1984).
Further, in setting restitution, the judge stated that both Bain and her husband could work and pay the total restitution. Consideration by the trial court of Bain's husband's income and expenses in determining restitution as a condition of probation, was improper. See Anthony v. State, 574 So.2d 266 (Fla. 1st DCA 1991).
For the foregoing reasons, I would affirm the order of restitution in all regards except for the $500,000.00 future payment order. I would remand this cause for a redetermination of a total sum for restitution within Bain's future ability to pay; or alternatively, allow the trial court to reserve jurisdiction to determine this amount following Bain's release from prison.
NOTES
[1] It does not appear from the language of the statute that the legislature contemplated litigating such claims in a criminal court. Bain can, however, pursue these claims in a civil action. If she prevails and obtains a judgment, she can then apply to the judge in her criminal case for an order satisfying the restitution ordered to the extent of monies established by the judgment to be owed to her by the victims.
[2] For these reasons, this case is unlike Istvanditsch v. State, 636 So.2d 822 (Fla. 4th DCA 1994) and McInnis v. State, 624 So.2d 856 (Fla. 4th DCA 1993).
[1] Specifically, Bain was ordered to pay, severally, $2,267.59 and $96,358.35. She was also jointly liable for $400,188.67 with Alexatos.
[2] Conviction of a felony subjects a licensee to revocation of a real estate license or mortgage broker's license. §§ 475.25, 494.0041, Fla. Stat. (1993).