645 So.2d 594 (1994)
Dennis Earl WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-01239.
District Court of Appeal of Florida, Second District.
November 23, 1994.
James Marion Moorman, Public Defender, and Robert D. Rosen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant maintains that the restitution amount must be reversed because it is not based on competent evidence. We agree. It is the state's burden to prove the amount of restitution, and it failed to do so here.
Appellant pled no contest to grand theft third degree and burglary of a dwelling. At a restitution hearing, the victim testified that she lost $11,070.00 worth of property in the burglary, and her insurance company valued *595 the property at $7,871.24 but paid her only $5,726.90, leaving a difference of $2,144.34. She requested this amount plus the $175.00 increase in her insurance premium as restitution.
We observe first that no documentary evidence was presented regarding the amount paid by the victim's insurance. The court only had the victim's testimony on that issue. This violates several of our cases which hold that the state has not met its burden of demonstrating loss by a preponderance of the evidence where no documentary evidence is presented. Delks v. State, 622 So.2d 624 (Fla. 2d DCA 1993); Morel v. State, 547 So.2d 341 (Fla. 2d DCA 1989).
Moreover, it is not clear from the record just what the final restitution amount ordered was. On March 24, 1993, the court held a restitution hearing at which it orally ordered appellant to pay $2,319.24 in restitution, representing the difference between what the insurance company deemed the amount of the victim's loss to be and the amount it actually paid ($2,144.24), in addition to the additional cost for the victim to carry her homeowner's insurance ($175.00). The notice of appeal was then filed in the trial court on April 12, 1993. It is this amount to which appellant refers in the brief. However, on August 5, 1993, the court entered a written order, setting the restitution amount at $2,175.24. The record contains no transcript of a hearing or any documents that might explain why the court took this action.
Since no documentary evidence was presented and since the amount of the award is unclear, the restitution award is reversed and a new restitution hearing is ordered.
FRANK, C.J., and FULMER, J., concur.