PER CURIAM.
The trial court order imposing $7,000 restitution in this cause is affirmed based on a holding that: (1) the subject order was entered, not as a condition of probation, but as an independent restitution order pursuant to Section 775.089(l)(a), Florida Statutes (Supp. 1994) and, as such, is payable within five years after the date of sentencing on June 21, 1994, § 775.089(3)(b)(3), Fla.Stat. (Supp. 1994); (2) the defendant failed to establish by a preponderance of the evidence that he is *827 now, or in the future will be, financially unable to pay the ordered restitution, Medina v. State, 591 So.2d 1085 (Fla.1991); Bain v. State, 642 So.2d 578, 580 (Fla. 5th DCA 1994), rev. denied, 651 So.2d 1192 (Fla.1995); and (3) the state presented sufficient evidence to support the trial court’s imposition of $7,000 as the appropriate.amount of restitution in this case. State v. Hawthorne, 573 So.2d 330 (Fla.1991); Anderson v. State, 649 So.2d 890 (Fla. 2d DCA 1995).
Affirmed.