694 So.2d 836 (1997)
Connie Sue MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02356.
District Court of Appeal of Florida, Second District.
May 28, 1997.
Dennis J. Rehak, Fort Myers, for Appellee.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
The defendant, Connie Sue Moore, pleaded no contest to second degree grand theft. The trial court imposed restitution in the amount of $75,451 as a condition of probation after an evidentiary hearing. The defendant appeals the restitution order. Because the *837 State failed to prove the amount of the victim's loss and the trial court failed to properly consider the defendant's ability to pay, we reverse.
We first address the State's failure to prove the amount of the victim's loss. Over the defendant's objection, the State's witnesses gave their opinions of the value of the loss. Their testimony was based on information they received from an accountant who did not testify and on their examination of documents and records that were not produced at the restitution hearing. In fact, the State failed to present any documentary evidence. Given the defendant's timely objection, this hearsay evidence was inadmissible to prove the amount of restitution. See Thomas v. State, 581 So.2d 992 (Fla. 2d DCA 1991). Because the State failed to meet its burden of demonstrating by a preponderance of the evidence the amount of the loss, we reverse the order imposing restitution and remand for another hearing. See Williams v. State, 645 So.2d 594 (Fla. 2d DCA 1994); Winborn v. State, 625 So.2d 977 (Fla. 2d DCA 1993).
Because we are remanding for another hearing, we also address the trial court's determination regarding the defendant's ability to pay. The restitution statute that applies in this case requires the trial court to determine the defendant's ability to pay restitution before imposing restitution.[1] Section 775.089, Florida Statutes (Supp.1992), provides, in pertinent part:
(6) The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the present and potential future financial needs and earning ability of the defendant and his dependents, and such other factors which it deems appropriate.
(7) Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the state attorney. The burden of demonstrating the present financial resources and the absence of potential future financial resources of the defendant and the financial needs of the defendant and his dependents is on the defendant. The burden of demonstrating such other matters as the court deems appropriate is upon the party designated by the court as justice requires.
The trial court held an evidentiary hearing and imposed restitution in the amount of $75,451, based on its finding that the defendant "has the ability to go out and earn more than she is presently earning." The defendant objected below and asserts again on appeal that the trial court's imposition of restitution in the amount of $75,451 was error because the defendant's unrebutted testimony established the absence of present or potential future financial resources.
The State responds that the trial court's order should be affirmed because its decision to reject the defendant's testimony regarding her future ability to pay was not an abuse of discretion. The State relies on the Fifth District's recent holding in Bain v. State, 642 So.2d 578, 580 (Fla. 5th DCA 1994), review denied, 651 So.2d 1192 (Fla.1995), that the trial court is entitled to reject the defendant's testimony regarding her ability to pay based on credibility. In Bain, the Fifth District affirmed the trial court's imposition of restitution in the amount of $498,814.61, despite the defendant's testimony that she was penniless and unemployed, because of other factors known to the trial court as a result of the trial:
Against Bain's portrayal of her dire economic circumstances are matters known to the trial court as the result of participating in the trial of the two defendants, including amounts stolen, amounts recovered, Bain's preconviction life-style, including her $600,000 home, her extensive work history and wage earning capacity, her professional licenses, and her previous acquisition and operation of a large mortgage company.
*838 The facts here are substantially different than those in Bain. Unlike Bain, there was no trial testimony for the trial court to consider because the defendant pleaded no contest. In addition, the written plea form specifically notes that the defendant pleaded no contest because the plea was in her best interest, not because she was admitting her guilt. Also, the trial court withheld adjudication, making no finding of guilt. Thus, there is no record support for the state's contention that the money allegedly stolen is available to the defendant for restitution.
The only evidence regarding the defendant's ability to pay was presented by the defendant during the evidentiary hearing. Her unrebutted testimony was that she has an annual income of $12,700 and reasonable monthly expenses which exceed her monthly income; she sometimes goes without food; she relies on assistance from family members; she has a tax lien against her in the amount of $1,805.46; and she filed for bankruptcy in 1993. On this record, even if the amount of loss had been proven, we would reverse because trial court erred by ordering the defendant to pay restitution in an amount beyond her ability to pay. See, e.g., Crosby v. State, 637 So.2d 341 (Fla. 2d DCA 1994); Deangelus v. State, 614 So.2d 1194 (Fla. 2d DCA 1993).
The defendant also claims that the trial court erred by ordering that restitution be paid to the victim despite testimony that the victim received an insurance payment for $9,000 as a result of this incident. We disagree. The insurance company is subrogated to the rights of the victim and restitution can be ordered for the full amount of the victim's loss regardless of reimbursement to the victim. See Jarawdi v. State, 521 So.2d 261 (Fla. 2d DCA 1988); Amison v. State, 504 So.2d 473 (Fla. 2d DCA 1987).
Accordingly, we reverse and remand for a new restitution hearing in accordance with this opinion.
BLUE, A.C.J., and QUINCE, J., concur.
NOTES
[1] Section 775.089(6) was amended, effective May 8, 1995, to provide that a defendant's ability to pay is to be considered only when there is an attempt to enforce the restitution order. See Laws 1995, c. 95-160, § 1.