728 So.2d 288 (1999)
Robert ATKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-03613.
District Court of Appeal of Florida, Second District.
February 12, 1999.
Rehearing Denied March 10, 1999.
*289 James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Robert Atkins appeals from a restitution order, claiming the trial court erred by determining the amount solely upon hearsay. Because his claim is meritorious, we reverse and remand for a new hearing.
Mr. Atkins is a former employee of the Bradenton Housing Authority (BHA). He was charged with grand theft arising from the misuse of materials, money, and equipment belonging to BHA. He pleaded no contest and, as a condition of his probation, was ordered to make restitution in the amount of $709.53.
At the restitution hearing the State called only the executive director of BHA. Although the executive director testified that he personally observed BHA property installed in Mr. Atkins' premises, he could not testify to the value of the misappropriated property. For that, he relied upon reports prepared by two subordinates. He testified, for example, that his staff had valued the missing paint at fifty dollars and that others had determined prices and values of the other items at issue. Mr. Atkins' counsel objected to the valuation testimony as hearsay. The trial court overruled his objection.
Because Mr. Atkins' counsel objected to the hearsay evidence, it is not admissible to prove the amount of restitution. See Thomas v. State, 581 So.2d 992 (Fla. 2d DCA 1991). In Moore v. State, 694 So.2d 836 (Fla. 2d DCA 1997), this court determined that witness testimony based on information from a non-testifying accountant was improper hearsay evidence. We see no distinction between the testimony in Moore and that offered in this case. Here, as in Moore, the director testified directly from information gathered and provided by two subordinates. Neither employee was called to testify at the restitution hearing. Although the trial court directed that the subordinates testify, nothing in the record shows that either witness appeared. Furthermore, the record contains no indication that the State sought to introduce the information as a summary under section 90.956, Fla. Stat. (1995).
Because the State failed to carry its burden of proof as to the amount of loss, we reverse the order of restitution and remand for a new hearing. See Moore; Williams v. State, 645 So.2d 594 (Fla. 2d DCA 1994).
FULMER, A.C.J., and NORTHCUTT, J., Concur.