791 So.2d 543 (2001)
Linda KORICA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1168.
District Court of Appeal of Florida, Second District.
July 27, 2001.
James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer R. Haymes, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Acting Chief Judge.
Linda Korica challenges the amount of restitution imposed after she pleaded no *544 contest to burglary and grand theft. We reverse because the State's evidence regarding the value of the items taken was based entirely on hearsay.
The burglary and grand theft occurred at the St. Petersburg home of Laverne Boyd sometime between July and October 1999, when Korica was evicted from the premises. At the restitution hearing, the State presented only one witness, Amy Boyd, the daughter of the victim. She had no personal knowledge of the worth of any of the missing items. Her testimony concerning value was based on telephone conversations with her mother and representatives of the stores where her mother had purchased the goods. She did not produce any documents to support her testimony. Korica objected that Amy Boyd's testimony was hearsay, but her objection was overruled.
We agree that Amy Boyd's testimony was hearsay and was not competent to establish the value of the stolen items for purposes of restitution. See Moore v. State, 694 So.2d 836 (Fla. 2d DCA 1997) (holding that testimony based on information received from non-testifying accountants and on documents the accountants examined but which were not introduced at the hearing was inadmissible to prove value); Branker v. State, 650 So.2d 195 (Fla. 4th DCA 1995) (explaining that when witness had no personal knowledge about missing property, estimates obtained from experts about the property's value were hearsay and could not be used to establish the value for purposes of restitution). We reverse and remand for a new restitution hearing. Moore; Williams v. State, 645 So.2d 594 (Fla. 2d DCA 1994).
Because the court will conduct a new hearing, we also point out several other problems. For one thing, the court valued the majority of the missing items based on their purchase prices. Generally, restitution should be based on the fair market value of the property, unless that amount will not fully compensate the victim. State v. Hawthorne, 573 So.2d 330 (Fla.1991). Fair market value takes into consideration not only the purchase price, but the manner in which the item was used, its condition and depreciation. Id. at 332. Also, Amy Boyd did not know whether her mother had filed an insurance claim for the theft or whether she had received any insurance proceeds that could affect the amount of restitution owed. If, at the new hearing, the State can present a witness with personal knowledge of the value of the items taken, these points should also be addressed. Finally, Korica maintained that many of the missing items either belonged to her or were not in the home when she began living there. We will not address this argument because of our resolution of this case on the hearsay issue, but Korica is free to raise it again at the new hearing.
Reversed and remanded.
CASANUEVA and DAVIS, JJ., Concur.