850 So.2d 627 (2003)
Shawn E. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1300.
District Court of Appeal of Florida, Second District.
July 23, 2003.
James Marion Moorman, Public Defender, and A. Anne Owens, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Shawn Williams appeals from an order imposing restitution. Because the State improperly relied on hearsay evidence to prove the amount of restitution, we reverse and remand for a new restitution hearing.
At the restitution hearing, the victim testified that before his 1989 Ford Mustang GT was stolen it was painted red and was in good condition. When the car was returned to him, it was painted primer gray, the transmission was "messed up," and the molding was missing from around the windshield and doors. Over Williams' objection, the prosecutor gave the court an estimate for $1033.38 from "JR's Four by Four" to fix the transmission and an estimate of $2370.40 from "Hot Wheels Paint and Body Shop" for painting the car, replacing the molding, and fixing a few dents in the door. The trial court's restitution award was based on these two estimates, which were purely hearsay.
*628 Hearsay evidence may be used to determine the amount of restitution if there is no objection to the evidence. However, as Williams argues and the State concedes, Williams made a proper objection to the evidence which should have been sustained. See Moore v. State, 694 So.2d 836 (Fla. 2d DCA 1997); Thomas v. State, 581 So.2d 992 (Fla. 2d DCA 1991). Therefore, this court must reverse and remand for a new restitution hearing. See Sherwood v. State, 832 So.2d 926 (Fla. 2d DCA 2002) (reversing for a new restitution hearing where award was based on improper hearsay evidence concerning the cost of repairs to an automobile).
Upon remand, the State has the burden of proving the amount of loss by a preponderance of the evidence. Moore, 694 So.2d at 837. The State can meet its burden "by presenting testimony of a witness with knowledge of the amount of damage and repairs, or by presenting uncontested documentary evidence." C.S. v. State, 617 So.2d 863, 864 (Fla. 1st DCA 1993).
Reversed and remanded.
FULMER and DAVIS, JJ., Concur.