899 So.2d 1212 (2005)
Sauni Monica BONNER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1723.
District Court of Appeal of Florida, Second District.
April 15, 2005.
James Marion Moorman, Public Defender, and Alisa Smith, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Sauni Monica Bonner appeals the restitution order requiring her to pay $430 for damages resulting from her crimes of trespass and criminal mischief. At the restitution hearing, defense counsel timely objected to hearsay reported by the victim that "a fellow" estimated $430 to be the amount of damage to the victim's rental property. The trial court was aware that it based its ruling solely on hearsay evidence, but it believed the result to be advantageous to Bonner because the estimate did not include all the damages to which the victim was entitled.
Because a proper objection was raised to hearsay that was the sole evidence of the amount of restitution, we reverse and remand for a new restitution hearing. See Williams v. State, 850 So.2d 627, 628 (Fla. 2d DCA 2003); Korica v. State, 791 So.2d 543, 544 (Fla. 2d DCA 2001); Moore v. State, 694 So.2d 836, 837 (Fla. 2d DCA 1997). On remand, the State may prove the total amount of the loss by a preponderance of the evidence "by presenting testimony of a witness with knowledge of the amount of damage and repairs, or by presenting uncontested documentary evidence." *1213 Williams, 850 So.2d at 628 (quoting C.S. v. State, 617 So.2d 863, 864 (Fla. 1st DCA 1993)).
Because we reverse on this ground, we need not address the other issue presented in this appeal.
Reversed and remanded.
FULMER and LaROSE, JJ., Concur.