981 So.2d 632 (2008)
Pablo Benigno SANCHEZ-GUTIERREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-822.
District Court of Appeal of Florida, Second District.
May 16, 2008.
James Marion Moorman, Public Defender, and Pamela H. Izakowitz, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Pablo Benigno Sanchez-Gutierrez appeals from the order requiring him to pay $1766.97 in restitution to Terry DiMicco, the driver of a car he crashed into, and $5188.66 to her insurer, Geico Insurance. The restitution award was to compensate the victim and her insurance company for amounts paid for the victim's medical expenses and for damage to the victim's car. We find no merit in Sanchez-Gutierrez's challenge to the evidence the State used to establish how much the victim and her insurer paid for ambulance service and medical treatment. Accordingly, we affirm that portion of the restitution order.
However, we agree, and the State concedes, that we must reverse the portion of the order awarding restitution to the victim and her insurer for the value of the victim's totaled automobile because the awards were based on hearsay evidence properly objected to by Sanchez-Gutierrez. See Flanagan v. State, 536 So.2d 275 (Fla. 2d DCA 1988) (stating that hearsay *633 cannot be used to determine the amount of restitution if the defendant raises a bona fide challenge to the amount); see also Williams v. State, 850 So.2d 627 (Fla. 2d DCA 2003) (holding that the trial court erred in basing the restitution award on estimates for repair costs for the stolen car because they were not provided by the repair shops themselves and were objected to as being inadmissible hearsay). Accordingly, we reverse that portion of the order, and we remand to the trial court for another restitution hearing to determine the proper amount of restitution owed to the victim and her insurer for the damage to her automobile. See Bellot v. State, 964 So.2d 857 (Fla. 2d DCA 2007) (remanding the case for a new restitution hearing to determine the proper amounts owed to the victims and the insurance company).
Affirmed in part, reversed in part, and remanded for further proceedings.
DAVIS and CANADY, JJ., Concur.