997 So.2d 1249 (2009)
Carolyn Sue BIGELOW, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-573.
District Court of Appeal of Florida, Fifth District.
January 2, 2009.
*1250 James S. Purdy, Public Defender, and Kevin R. Holtz, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and L. Charlene Matthews, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Carolyn Sue Bigelow appeals the amount of restitution imposed after she pled no contest to two counts of exploitation of the elderly. We reverse the restitution order because the State's evidence regarding the amount of money that Bigelow misappropriated was based entirely on hearsay.
Bigelow was employed by Moving Mountains, an agency that assists the elderly and disabled with tasks such as shopping and banking. Bigelow used her position to misappropriate funds from two of Moving Mountains's clients. At the restitution hearing, the State presented testimony from only one witness, Coleen Spellman, an employee with Moving Mountains. Over defense counsel's hearsay objection, Ms. Spellman, who had no personal knowledge of the victims' losses, was permitted to testify about those losses based upon her review of the victims' unauthenticated bank records, which were also admitted into evidence. This was error.
When the amount of restitution is in dispute, the State has the burden of demonstrating by a preponderance of the evidence the amount of the victims' loss. Thomas v. State, 581 So.2d 992, 993 (Fla. 2d DCA 1991). Hearsay evidence may not be used to determine the amount of restitution when there is a proper objection by the defense to such evidence. Id. Accordingly, we must reverse and remand for a new restitution hearing.
REVERSED AND REMANDED.
SAWAYA, ORFINGER and LAWSON, JJ., concur.