KELLY, Judge.
 

 Synthia Nickelson-Ippolito appeals her conviction and sentence for equity skimming and scheming to defraud, raising four issues. We find no merit in her challenges to her conviction, and affirm those issues without discussion. However, we reverse ten of the trial court’s restitution orders because, as the State acknowledges, they were improperly based on hearsay evidence.
 

 At the restitution hearing, the State presented the testimony of four victims to establish their losses. The State also introduced, over defense counsel’s objection, the trial testimony of several other victims seeking restitution. This was error. “When the amount of restitution is in dispute ... the state has the burden of demonstrating by a preponderance of the evidence the amount of the victim’s loss.”
 
 Thomas v. State,
 
 581 So.2d 992, 993 (Fla. 2d DCA 1991). Hearsay evidence may not be used to determine the amount of restitution when there is a proper objection by the defense to such evidence.
 
 Id.
 
 Because defense counsel properly objected to the State’s introduction of hearsay evidence, we reverse the orders awarding restitution to those victims who did not testify at the hearing and remand to the trial court for a new hearing.
 
 See Williams v. State,
 
 850 So.2d 627 (Fla. 2d
 
 *1258
 
 DCA 2003) (reversing and remanding for a new restitution hearing where the award was based on improper hearsay).
 

 Affirmed in part, reversed in part, and remanded.
 

 CASANUEVA, C.J., and CRENSHAW, J., Concur.