MORRIS, Judge.
 

 William Dreyer appeals his conviction and sentence for exploitation of the elderly, as well as an order and judgment requiring him to pay restitution in the amount of $31,570. We affirm Dreyer’s conviction and sentence without comment, but we reverse the order and judgment of restitution because the only evidence supporting the amount of restitution was hearsay evidence.
 

 
 *615
 
 “When the amount of restitution is in dispute, as in this case, the state has the burden of demonstrating by a preponderance of the evidence the amount of the victim’s loss.”
 
 Thomas v. State,
 
 581 So.2d 992, 993 (Fla. 2d DCA 1991). When a defendant objects to hearsay evidence at a restitution hearing, the hearsay evidence is inadmissible to prove the amount of restitution.
 
 See Moore v. State,
 
 694 So.2d 836, 837 (Fla. 2d DCA 1997);
 
 Thomas,
 
 581 So.2d at 993. It is improper for a witness to offer hearsay testimony regarding determinations of value that the witness received from other people.
 
 See Atkins v. State,
 
 728 So.2d 288, 289 (Fla. 2d DCA 1999).
 

 Here the State presented the testimony of Detective Adams to establish the amount of money Dreyer stole from the victim. However, Detective Adams did not have personal knowledge of that amount; rather, she received that information from employees of the victim’s financial institutions and from financial statements from those institutions. Because Dreyer objected to Detective Adams’ testimony on the basis of hearsay, it was improperly admitted.
 

 In addition, the State introduced into evidence, over Dreyer’s objection, the financial statements to show the amount stolen from the victim. Detective Adams was the only witness for the State, and she did not have the requisite knowledge to establish the proper foundation for the admission of the financial statements under the business records exception to the hearsay rule.
 
 See
 
 § 90.803(6)(a), Fla. Stat. (2008);
 
 Medlock v. State,
 
 537 So.2d 1030, 1031 (Fla. 2d DCA 1988) (“[Section 90.803(6)(a) ] clearly require[s] the records custodian or other qualified person employed by the bank to testify regarding the necessary predicate before the bank statement could be admitted into evidence. Without that foundation, the evidence is inadmissible as hearsay.” (citing
 
 Dietz v. State,
 
 534 So.2d 808 (Fla. 2d DCA 1988))). Therefore, the trial court erred in admitting the financial statements without the proper foundation laid by qualified employees of the financial institutions.
 

 The State contends that Detective Adams’ testimony that Dreyer admitted stealing money from the victim was sufficient to establish the amount of restitution. However, Detective Adams testified that Dreyer admitted stealing “a slightly lower amount” than that reported to Detective Adams during her investigation. Therefore, Dreyer’s admission was not sufficient to establish the amount of restitution ordered by the trial court.
 

 Because the only evidence establishing the amount of restitution was improper hearsay evidence, we reverse the order and judgment of restitution and remand for a new hearing to determine the amount of restitution.
 

 Affirmed in part; reversed in part; remanded.
 

 DAVIS and CRENSHAW, JJ„ Concur.