CONFESSION OF ERROR
 

 ROTHENBERG, J.
 

 The defendant, Martha Garcia (“Garcia”), was charged by Information with five counts: burglary of an unoccupied dwelling; grand theft; criminal mischief affecting property valued between $200 and $999.99; battery; and criminal mischief affecting property valued over $1000. The evidence established that Garcia committed the above offenses with several eode-fendants. After determining Garcia was a minor participant, the trial court withheld adjudication, sentenced her to five years probation, and ordered restitution for the damage. In determining the amount of restitution owed, the trial court relied on an estimate from a body shop over a properly-raised hearsay objection from Garcia’s counsel. At issue in this appeal is whether the trial court erred in relying solely on a hearsay document providing an estimate for the repairs in determining the amount of restitution to be paid by the defendant.
 

 Based on the State’s proper confession of error, and our independent review, we conclude the trial court erred in relying on the estimate.
 
 See J.D. v. State,
 
 693 So.2d 146, 146 (Fla. 3d DCA 1997) (upon confession of error, holding value cannot be established solely on hearsay evidence);
 
 J.L. v. State,
 
 684 So.2d 883, 884 (Fla. 3d DCA 1996) (reversing because value was based only on hearsay evidence, to which defendant properly objected);
 
 accord Sanchez-Gutierrez v. State,
 
 981 So.2d 632, 632 (Fla. 2d DCA 2008) (remanding for a new restitution hearing because the value had been established by hearsay evidence that was
 
 *1281
 
 properly objected to);
 
 Louis v. State,
 
 654 So.2d 1290, 1290 (Fla. 3d DCA 1995) (vacating the portion of the trial court order that was based on hearsay evidence and remanding for a new value determination).
 

 Reversed and remanded.