PER CURIAM.
We affirm appellant’s judgment and sentence for grand theft without discussion. However, appellant correctly asserts, and the state properly concedes, the trial court erred in ordering restitution based on speculation, non-admitted business records, and hearsay evidence admitted at the restitution hearing over appellant’s objection. See V.B. v. State, 75 So.3d 363 (Fla. 1st DCA 2011); Dreyer v. State, 46 So.3d 613, 615 (Fla. 2d DCA 2010); Ritch v. State, 14 So.3d 1104, 1107 (Fla. 1st DCA 2009); Butler v. State, 970 So.2d 919 (Fla. 1st DCA 2007); Forlano v. State, 964 So.2d 246 (Fla. 1st DCA 2007); I.M. v. State, 958 So.2d 1014 (Fla. 1st DCA 2007); Herrington v. State, 823 So.2d 286 (Fla. 1st DCA 2002). Accordingly, we reverse the trial court’s restitution determination and remand for a new restitution hearing. V.B., 75 So.3d at 363; Dreyer, 46 So.3d at 615; Forlano, 964 So.2d at 246; Herrington, 823 So.2d at 286-87.
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.
WOLF and SWANSON, JJ., and JOHNSON, LEANDRA G., Associate Judge, concur.