LAMBERT, J.
Randall K. Schenk appeals the trial court’s restitution order requiring him to pay $10,323 for damages resulting from him committing the offense of grand theft. He argues that $4935 of the restitution award was determined based on inadmissible hearsay, and therefore, the trial court’s order was not supported by competent, substantial evidence. Except for the amount awarded for an electronic tablet, we affirm.
Cindie Schenk reported to the police that her son, Randall Schenk, had stolen 14 pieces of jewelry and an electronic tablet from her home. Schenk was arrested and subsequently entered an open plea of no contest to the charge of grand theft, and the trial court sentenced him to probation.[1] As a condition of his probation, Schenk was required to pay restitution to *276 his mother, and the court reserved jurisdiction to assess the amount.
Mrs. Schenk was the only witness who testified at the restitution hearing. The value of only some of the pieces of jewelry stolen from her was in dispute. Since those pieces were “received as gifts over probably 30 years or more,” Mrs. Schenk conducted research on a jewelry store website and testified as to the fair market value of each individual piece of jewelry, providing a total value of $4935.
The final item Mrs. Schenk testified to was a “ten-inch screen android electronic tablet” that was purchased in 2012 for $160. Mrs. Schenk testified that at the time the tablet was taken, it had a fair market value of “less than [$]160” because “it would have been about eight months old.” During cross-examination, Mrs. Schenk admitted that she originally valued the tablet at $120 due to the fact that it was used.
In its restitution order, the court found that “the victim was able to produce substantial, competent evidence as to the value of the pieces,” and ordered Schenk to pay Mrs. Schenk $10,323,[2] the approximate total of Mrs. Schenk’s valuations.
The primary issue on appeal is whether the victim’s hearsay testimony of the value of her stolen jewelry is sufficient to sustain the court’s restitution order. Where the amount of restitution is in dispute, the burden is on the State to prove the amount of the victim’s loss by a preponderance of the evidence. § 775.089(7), Fla. Stat. (2013). “Restitution must be proved by substantial competent evidence.” Koile v. State, 902 So.2d 822, 824 (Fla. 5th DCA 2005). In general, an owner of property is qualified to testify to the fair market value of his or her property. State v. Hawthorne, 573 So.2d 330, 333 n. 6 (Fla.1991). However, if there is a proper objection by the defense, otherwise inadmissible hearsay may not provide the sole basis for the owner’s opinion. See T.J.N. v. State, 977 So.2d 770, 773 (Fla. 2d DCA 2008); Johnson v. State, 856 So.2d 1085, 1087 (Fla. 5th DCA 2003).
Florida courts routinely reverse restitution awards that are based on hearsay where the defendant timely objected to the hearsay evidence. See, e.g., Butler v. State, 970 So.2d 919, 921 (Fla. 1st DCA 2007) (“Here, Butler made a timely hearsay objection to the admissibility of the written estimate. Because the written estimate was inadmissible hearsay evidence, we hold that the trial court erred in admitting the estimate and basing the value of the exterior door solely on this evidence.”); Bonner v. State, 899 So.2d 1212, 1212 (Fla. 2d DCA 2005) (“Because a proper objection was raised to hearsay that was the sole evidence of the amount of restitution, we reverse and remand for a new restitution hearing.”). The Fourth District Court of Appeal recently reversed a restitution award where the victim’s hearsay testimony as to the values of stolen jewelry was based on website valuations. Phillips v. State, 141 So.3d 702, 705-07 (Fla. 4th DCA 2014). Recognizing that “it is highly unlikely that the victim could have presented representatives from the various websites she researched to testify as to the restitution amount,” and that the victim appeared to have ho other means by which to prove the amount, thereby leading to an unjust result, the court recommended that “our state legislature revisit section 775.089, *277 Florida Statutes (2012), and consider providing trial courts with wider discretion in setting the restitution amount,” including permitting the consideration of hearsay evidence. Id. Because “restitution to victims is a central ‘penological interest’ of Florida criminal law,” Noel v. State, 127 So.3d 769, 774 (Fla. 4th DCA 2013), review granted, SC14-363, 2014 WL 5038125 (Fla.2014), we join the Fourth District Court’s recommendation.
Here, unlike in Phillips, Schenk did not object to Mrs. Schenk’s hearsay testimony. Mrs. Schenk’s testimony as to the value of her stolen jewelry is sufficient to sustain the trial court’s order. See Hawthorne, 573 So.2d at 333 n. 6 (“We note that an owner of property is generally qualified to testify as to the fair market value of his property.”); Rae v. State, 638 So.2d 597, 598 (Fla. 4th DCA 1994) (“The general rule is that hearsay testimony is not admissible in a restitution hearing unless defense counsel fails to properly object to the evidence.”). We do find error though in the trial court’s apparent valuation of the victim’s tablet at $160. During cross-examination, Mrs. Schenk testified that she purchased the tablet for $160 eight months earlier and, because “it was used,” the value was now $120. We therefore remand to the trial court to enter a corrected restitution order in the amount of $10,285. In all other respects, we affirm.
AFFIRMED in part; REVERSED in part; REMANDED with directions.
SAWAYA AND PALMER, JJ„ concur.

. Schenk also pled no contest to two misdemeanors that are not the subject of this appeal.

. This figure represents two dollars less than the fair market value for the pieces of jewelry whose value was not disputed, the fair market value of jewelry whose value was in dispute, and $160 for the tablet. There is no record explanation for the two dollar deduction; it was likely a clerical error.