NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ARIEL LEVY, )
)
     Appellant, )
)
v. )   Case No. 2D14-2374
)
STATE OF FLORIDA, )
)
     Appellee. )
_____ )

Opinion December 2, 2015.

Appeal from the Circuit Court for Sarasota
County; Donna Padar Berlin, Judge.

Howard L. Dimmig, II, Public Defender, and
Amanda V. Isaacs, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes, Assistant
Attorney General, Tampa, for Appellee.


BADALAMENTI, Judge.

        Ariel Levy appeals a restitution order issued subsequent to entering an

open guilty plea to, among other charges, burglary of an occupied dwelling. After

careful review, we reverse the portion of the restitution order awarding $5200 for the

child victims' future psychological therapy costs because that monetary amount was

solely derived by hearsay testimony admitted over Levy's timely hearsay objection. We affirm the remainder of the comprehensive restitution order without discussion.

The trial court conducted a restitution hearing across two days: September 19, 2013, and December 11, 2013. At the second restitution hearing, a victim testified that she was told by her doctor that her two children would require mental health therapy for "a year to two years" because of the post-traumatic stress disorder caused by Levy's multiple burglaries of their family home. Specifically, she stated as follows: "The doctor told me we're looking at a minimum of a year to two years possibly." Because the victims did not seek mental health therapy until the end of November 2013, the State had not learned of the mental health therapy restitution until just before the hearing on December 11, 2013. The only proof of the future mental health therapy and its cost was the victim's hearsay testimony as to what her doctor told her, to which Levy timely objected. The trial court overruled Levy's timely hearsay objection and ordered that he pay $5200 for future mental health therapy.

Hearsay evidence may be used to determine the amount of a restitution award in the absence of a defendant's timely hearsay objection. Williams v. State, 850 So. 2d 627, 628 (Fla. 2d DCA 2003). Conversely, hearsay evidence is insufficient to determine the amount of restitution if, as here, the defendant raises a timely hearsay objection to that restitution amount. See Sanchez-Gutierrez v. State, 981 So. 2d 632, 632 (Fla. 2d DCA 2008); Williams, 850 So. 2d at 628 (holding that the trial court erred where, over defendant's timely hearsay objection, it based the restitution award on hearsay evidence).

Accordingly, we reverse the $5200 portion of the restitution order based on inadmissible hearsay testimony, which was admitted into evidence over Levy's timely objection. We remand to the trial court for another restitution hearing to determine the amount owed to the affected child victims for psychological therapy costs incurred after the December 11, 2013, restitution hearing. See Sanchez-Gutierrez, 981 So. 2d at 633 (remanding to trial court for a new restitution hearing to determine the proper restitution amount owed to the victims).

Affirmed in part; reversed in part; remanded.

NORTHCUTT and BLACK, JJ., Concur.