IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOHNNY R. WILLIAMS,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5124

Opinion filed April 11, 2017.

An appeal from the Circuit Court for Liberty County.
Barbara K. Hobbs, Judge.

Office of Candice K. Brower, Criminal Conflict & Civil Regional Counsel, and
Melissa J. Ford, Assistant Regional Conflict Counsel, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney
General, Tallahassee, for Appellee.

WOLF, J.

     Appellant pled no contest to grand theft of $300 or more, criminal mischief,
and interfering with railroad equipment; the factual basis for these crimes was that
appellant and a co-defendant dug up railroad culverts with the intention of selling
the culverts as scrap metal. After a separate restitution hearing, appellant and his
co-defendant were ordered to pay $5,050 in restitution.

Appellant challenges the restitution amount for two reasons. He first alleges the trial court abused its discretion by ordering $5,050 in restitution where the only evidence of that amount of restitution came from the hearsay testimony of a railroad employee, Carlton Strickland. He also claims the $5,050 restitution amount was improperly based on the culverts' replacement value instead of their fair market value. We hold that the latter issue raised by appellant lacks merit, but because the restitution amount was improperly based solely on hearsay evidence, we reverse the restitution determination and remand for a new restitution hearing.

"The trial court's determination of the amount of restitution is subject to an abuse of discretion standard of review." Soriano v. State, 968 So. 2d 112, 114 (Fla. 4th DCA 2007). Here, the trial court abused its discretion in ordering appellant and his co-defendant to pay $5,050 in restitution when the only evidence regarding the restitution amount was the objected-to hearsay testimony of Mr. Strickland.

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." § 90.801(1)(c), Fla. Stat. (2013). Hearsay is generally inadmissible unless the evidence falls into an exception to the hearsay rule as outlined per statute. § 90.802, Fla. Stat. (2013). Hearsay evidence may not be used to determine a restitution amount if there is an objection to the hearsay. Williams v. State, 850 So. 2d 627, 628 (Fla. 2d DCA 2003).

2

Here, Mr. Strickland testified, over appellant's objection, to a restitution amount of $6,570, which would cover the cost of labor as well as replacement of the culverts and ballast.[*] However, Mr. Strickland's testimony was hearsay; Mr. Strickland explicitly testified that he was not the person who calculated the $6,570 estimate because such a determination was outside of his jurisdiction: "Now, what it would actually cost, I don't know, because that's out of my jurisdiction." Mr. Strickland also explicitly stated, "I have nothing to do with making the estimates."

Rather, a road master for the railroad company had made the estimate and had e-mailed the estimate to Mr. Strickland. However, the State never entered that e-mail or any other document pertaining to the estimate into evidence.

The State alleges Mr. Strickland's testimony was not hearsay because it fell under the business records exception outlined in section 90.803(6)(a), Florida Statutes (2013). However, the business records exception is not applicable to testimony without the business records. T.J.N. v. State, 977 So. 2d 770, 773 (Fla. 2d DCA 2008); Thompson v. State, 705 So. 2d 1046, 1048 (Fla. 4th DCA 1998). Here, without either the road master's physical estimate or his e-mail to Mr.

---

[*] Mr. Strickland testified as to estimated costs of $1,270 for new pipes, $1,300 for new ballast, and $4,000 for labor. Because there had not been ballast over the culverts when appellant and his co-defendant dug them up, the trial court determined restitution should only include $1,270 for the pipes and $4,000 for the labor, minus $220 that the railroad obtained when it exchanged the old, dug-up pipes for cash. Thus, the trial court ordered a restitution amount of $5,050.

3

Strickland, Mr. Strickland's restitution testimony was hearsay, which was appropriately objected to by defense counsel.

Thus, though we affirm appellant's judgment and sentence, we REVERSE the restitution determination and REMAND for a new restitution hearing. See Nelson v. State, 95 So. 3d 368 (Fla. 1st DCA 2012).

LEWIS and WETHERELL, JJ., CONCUR.