741 So.2d 1213 (1999)
Felipe DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 99-00992.
District Court of Appeal of Florida, Second District.
September 29, 1999.
*1214 James Marion Moorman, Public Defender and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and John T. Salgado, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant challenges the propriety of the court's restitution order. He argues that he should not be required to pay restitution because the State did not prove that the victim's loss or damage was causally connected to appellant's offense of attempted burglary. Although the State first attempts to argue the issue, it concludes its brief by conceding error. We agree that the court erred in ordering appellant to pay restitution.
Appellant was initially charged with burglary of a dwelling. The information specifically alleged that appellant had "unlawfully entered or remained in a certain dwelling, the property of Leslie Gaines, with intent to commit an offense therein." Appellant pleaded nolo to attempted burglary. At the plea hearing, when the court announced that it would require appellant to pay restitution, appellant did not object.
At the restitution hearing, the victim testified that a number of items had been taken from his front porch and that the window of the front porch had been broken. The victim also testified to the value of the items taken. Appellant objected on the ground of relevance, arguing that his conviction for attempted burglary did not substantially connect him to the items taken. We agree.
The restitution statute provides that a defendant may be ordered to pay restitution "for damages or loss caused by the defendant's offense." § 775.089(1), Fla. Stat. (1997). Although the connection need not be direct, there must be a significant relationship between the damage to the victim and the crime proved. See Dyer v. State, 622 So.2d 1158 (Fla. 5th DCA 1993); State v. Williams, 520 So.2d 276 (Fla.1988); Jones v. State, 480 So.2d 163 (Fla. 1st DCA 1985).
Here, appellant was charged with burglary, not theft. Theft was not even listed as the offense appellant intended to commit once inside the Gaines residence. Appellant pleaded to attempted burglary, again with no mention of theft or the items taken. By pleading to attempted burglary, he only admitted to attempting to enter with the intent to commit some offense once inside. We simply cannot say that there was a significant relationship between appellant's nolo plea to attempted burglary and the victim's loss of the missing items.
Although it may be argued that appellant's failure to object at the plea colloquy prevented him from raising this issue on appeal, we believe that the error here was fundamental because to require appellant to pay restitution here would amount to imposing a punishment for an offense that appellant did not commit. See Ashford v. State, 274 So.2d 517 (Fla.1973).
Because we conclude that the court erred in ordering appellant to pay restitution, we reverse.
WHATLEY and STRINGER, JJ., Concur.