PETERSON, J.
Rodolfo Socorro appeals his conviction for first degree grand theft, the sentence imposed and an order of restitution in the amount of $174,862.28. We affirm the judgment and sentence, but vacate the order of restitution.
A Department of Transportation compliance officer stopped Socorro while the latter was driving a stolen Mack truck pulling a flatbed trailer that carried a Caterpillar wheel loader. The truck, trailer and loader were driven by Moss Towing to an impound lot after Socorro’s arrest and he had no further control over the equipment. Inexplicably, the equipment was stolen a second time and has never been recovered. No evidence was presented that Socorro had any involvement in the second theft.
Prior to ordering restitution, a trial court must determine that: (1) the damage or loss for which restitution is ordered was caused directly or indirectly by defendant’s offense; and (2) there is a significant relationship between the damage to the victim and the crime proved. See § 775.089(1)(a), Fla. Stat. (2004); Bernard v. State, 859 So.2d 560, 562 (Fla. 5th DCA 2003). The state has the burden of proving each element by a preponderance of the evidence. See, e.g., Dyer v. State, 622 So.2d 1158 (Fla. 5th DCA 1993). Stated differently, if “but for” the criminal episode, damages would not have been incurred by the victim, restitution is proper. See, e.g., Triplett v. State, 709 So.2d 107 (Fla. 5th DCA 1998). Absent a causal link and significant relationship between the loss for which restitution is ordered and the defendant’s offense, restitution may not be ordered for any loss which resulted from an unrelated offense for which the defendant was not charged or convicted. See, e.g., Johnston v. State, 870 So.2d 877 (Fla. 1st DCA 2004); Faulkner v. State, 582 So.2d 783 (Fla. 5th DCA 1991).
Under the State’s theory, which the trial court accepted, “but for” the original theft the second theft never would have occurred and Socorro should be held responsible for the loss of the equipment. We disagree. Socorro’s initial theft of the truck and the subsequent theft from the impound lot are sufficiently separate in time, place and circumstances to constitute distinct and independent criminal acts. Socorro was charged with and convicted of the first theft. He was not charged with or convicted of the second theft. Because the State failed to demonstrate by a preponderance of the evidence that Socorro’s *942 crime was causally linked and significantly related to the theft from the impound lot,[1] the order requiring Socorro to pay restitution is improper.
We vacate the order to pay restitution because it is directed to a crime for which Socorro has not been charged or convicted, and for which the State failed to establish a causal link or significant relationship.
JUDGMENT AND. SENTENCE AFFIRMED; ORDER OF RESTITUTION VACATED.
SAWAYA, C.J., and THOMPSON, J., concur.

. We note that the record contains no testimony from anyone associated with Moss Towing regarding the disappearance of the truck from the impound lot. In fact, the record indicates that the investigating officer never even spoke to anyone from Moss Towing regarding the theft.