STRINGER, Judge.
R.A.B., a juvenile, seeks review of the restitution order entered after he pleaded no contest to obstructing or opposing an officer without violence. R.A.B. argues that the damage and loss suffered by the victim did not bear a significant relationship to the offense and were improperly established by hearsay testimony. We agree that the damage and loss did not bear a significant relationship to the offense and reverse on that basis.
The charges in this case arose from an incident in which R.A.B. fled after police stopped the stolen car in which he was a passenger. The State charged R.A.B. with obstructing or opposing an officer without violence and trespass in an unoccupied structure or conveyance. R.A.B. entered a no contest plea to the charge of obstructing or opposing an officer without violence with the understanding that the trespass charge would be nolle prossed. The trial court ordered restitution for exterior damage to the vehicle and some personal property that was stolen from the vehicle’s interior.
R.A.B. argues that the trial court abused its discretion in ordering him to pay restitution because the damage and loss suffered by the victim do not bear a significant relationship to the offense of obstructing or opposing an officer without violence. The State does not dispute the insufficiency of the relationship between the victim’s damage and loss and the offense, but argues that restitution was a condition of R.A.B.’s plea and was not required to bear a significant relationship *1229 to the convicted offense pursuant to section 775.089(l)(b)(2), Florida Statutes (2005).[1]
The resolution of this issue thus turns on whether restitution was a condition of R.A.B.’s plea. Our review of the plea form and transcript of the plea hearing reveals that it was not. The plea form does not mention restitution but lists the only condition of the plea as follows: “I am pleading pursuant to a Plea Agreement and the terms of that agreement are as follows: NP ct. 2• — Trespass of unoccupied structure or conveyance.” Although the State indicated that it was seeking restitution at the plea hearing, defense counsel did not concede that restitution was appropriate but merely agreed to set a restitution mediation date. Furthermore, the court did not inform R.A.B. that he was waiving his right to contest restitution during the plea colloquy.
Thus, the record does not establish that restitution was a condition of R.A.B.’s plea agreement, and section 775.089(l)(b)(2) does not apply. Because the damage and loss suffered by the victim do not bear a significant relationship to the offense of obstructing or opposing an officer without violence, the trial court abused its discretion in ordering restitution. See J.O.S. v. State, 689 So.2d 1061, 1064 (Fla.1997); J.M. v. State, 658 So.2d 1128, 1129 (Fla. 2d DCA 1995). Accordingly, we reverse the restitution order on this basis.
Reversed.
FULMER, C.J., and CASANUEVA, J., Concur.

. Pursuant to section 775.089(l)(b)(2), Florida Statutes (2005), "A plea agreement may contain provisions that order restitution relating to criminal offenses committed by the defendant to which the defendant did not specifically enter a plea.”