NORTHCUTT, Judge.
We reverse the restitution G.C. was ordered to pay because the State failed to prove a nexus between the victim’s loss and the trespass charges admitted in G.C.’s no contest plea.
G.C. allegedly entered the property of D.B. Construction and took an all-terrain vehicle called a “Gator cart.” He was charged with grand theft of a motor vehicle, § 812.014(2)(c)(6), Fla. Stat. (2004); burglary of a conveyance, § 810.02(4)(b); and trespass on property other than a structure or conveyance, § 810.09(l)(a), (2)(a). Pursuant to a negotiated plea agreement, the State nol prossed the grand theft charge, and G.C. pleaded no contest to trespass in a conveyance, § 810.08(1), as a lesser of the burglary charge, and trespass on property.
The State sought restitution for the loss of the Gator cart, which was apparently never recovered. G.C. objected and argued that there was no nexus between the trespass charges to which he pleaded and damages for the loss of the Gator cart. When established by a preponderance of the evidence, § 775.089(7), *1100 Fla. Stat. (2004), restitution is awarded for damage or loss “caused directly or indirectly by the defendant’s offense” and “related to the defendant’s criminal episode,” § 775.089(l)(a). See also § 985.231(l)(a)(6) (allowing court to order restitution “for any damage or loss caused by the child’s offense”). The Florida Supreme Court has explained that restitution awards must be based on “both a ‘but for’ causation requirement and a ‘significant relationship’ requirement.” Schuette v. State, 822 So.2d 1275, 1282 (Fla.2002).
By pleading no contest to trespass, G.C. admitted only to entering or remaining in the vehicle without permission. See § 810.08(1). He did not admit to grand theft, and in the plea deal the State abandoned that charge without securing G.C.’s agreement to pay restitution for the victim’s loss occasioned by the theft of the Gator cart. See § 775.089(l)(b)(2) (“A plea agreement may contain provisions that order restitution relating to criminal offenses committed by the defendant to which the defendant did not specifically enter a plea.”).
Therefore, to obtain a restitution award for the loss of the vehicle, the State had to show that the loss would not have occurred but for the trespass. See, e.g., Socorro v. State, 901 So.2d 940, 941 (Fla. 5th DCA 2005) (“[I]f ‘but for’ the criminal episode, damages would not have been incurred by the victim, restitution is proper.”); Davis v. State, 741 So.2d 1213 (Fla. 2d DCA 1999) (reversing restitution for stolen items when defendant pleaded to attempted burglary, not theft, and there was no significant relationship between offense and victim’s loss). Because the State failed to prove the causation or nexus between G.C.’s trespass and the victim’s loss, we reverse the restitution order. In all other respects, we affirm the adjudication of delinquency and order of probation.
Affirmed in part; reversed in part; remanded.
FULMER, C.J., and THREADGILL, EDWARD F., Senior Judge, Concur.