958 So.2d 461 (2007)
A.M., Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-5503.
District Court of Appeal of Florida, Second District.
May 9, 2007.
*462 James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
A.M., a juvenile, appeals the commitment orders that adjudicated him delinquent for committing felony battery (count I) and criminal mischief (count II) and that committed him to a moderate-risk residential program.[1] A.M. raises two issues concerning his adjudication of delinquency on count I. He also complains that the juvenile court made several errors in its entry of the commitment orders. The State concedes that the commitment orders contain errors. We affirm without comment the juvenile court's adjudications of delinquency on both counts. We also affirm the commitment orders. However, because the orders require correction, we remand to the juvenile court to enter amended orders and for further proceedings as explained below.

The Orders
The juvenile court entered a separate commitment order for each count. *463 Each order recited that A.M. had pleaded guilty to the respective count and committed him to a moderate-risk residential program for an indeterminate period, not to extend beyond his twenty-first birthday "or the maximum allowed by law." Both orders also required A.M. to cooperate with DNA testing and to pay $14,036.34 in restitution to the victim of the battery.[2] On appeal, A.M. complains (1) that the commitment order for count I incorrectly reflects that he pleaded guilty to the felony battery; (2) that the commitment order for count II improperly ordered DNA testing and restitution, which do not apply to the adjudication for criminal mischief; and (3) that the length of the commitment is illegal for both counts and does not credit him for time served. A.M. filed a motion to correct the commitment orders in accordance with Florida Rule of Juvenile Procedure 8.135(b)(2). The juvenile court did not file an order ruling on A.M.'s motion within thirty days. Therefore, the motion is deemed to have been denied. See Fla. R. Juv. P. 8.135(b)(1)(B).

Guilty Plea
A.M.'s first objection to his commitment orders is that the order for count I indicated that he had pleaded guilty to that count. A.M. pleaded guilty to count II, but the juvenile court found him to be delinquent on count I after an adjudicatory hearing. A.M. complains that this scrivener's error could prejudice his right to appeal his adjudication on count I because an adjudication entered as the result of a plea can be appealed only under specified conditions. See State v. T.G., 800 So.2d 204, 207 (Fla.2001) (stating that Florida Rule of Appellate Procedure 9.140 "is applicable to juvenile delinquency appeals by operation of Florida Rule of Appellate Procedure 9.145(a)."). Although we have disposed of A.M.'s appeal from his adjudication on count I on the merits, we agree that upon his motion, the juvenile court should have corrected this error. The State concedes this error in the commitment order for count I and requests that we remand the order to the juvenile court for correction. Accordingly, on remand, the juvenile court shall enter an amended order reflecting that A.M. was adjudicated delinquent on count I after a hearing.

Errors Specific to Count II
A.M. objects to his commitment order for count II, criminal mischief, because *464 it requires him to cooperate with DNA testing and to pay $14,036.34 in restitution to the victim of the battery. The State charged A.M. with criminal mischief for "kicking out the window" of a police cruiser, alleging that the damage was "$200.00 or less." At A.M.'s adjudicatory hearing, the juvenile court found that restitution was appropriate for count II, but the State did not produce any evidence of a specific dollar amount for the destruction of the window. The court reserved jurisdiction to enter a restitution order for both counts. Criminal mischief is a second-degree misdemeanor when, as in this case, the amount of damage resulting from the criminal mischief is $200 or less. § 806.13(1)(b)(1), Fla. Stat. (2004).
Section 943.325, Florida Statutes (2004), requires any person who has been convicted of certain offenses to submit to DNA testing. See § 943.325(1)(b) (enumerating the offenses that trigger the DNA testing requirement). This section applies to juvenile offenders as well as adults. § 943.325(1)(c). However, misdemeanor criminal mischief is not one of the offenses that triggers the DNA testing requirement. § 943.325(1)(b). A.M. argues that because he had no history of an adjudication or a withhold of adjudication for any offense listed in section 943.325, the juvenile court erred in requiring him to submit to DNA testing for count II. The State submits that the court was correct in ordering A.M. to cooperate with DNA testing for count I and suggests that the order for DNA testing on count II was a scrivener's error.
A.M. also argues that the juvenile court erred in requiring him to pay $14,036.34 in restitution to the victim of the battery in its order on count II. A.M. contends that the restitution to the victim is not related to his criminal mischief offense. Section 775.089, Florida Statutes (2004), requires that a court order a defendant to pay restitution for: "1. Damage or loss caused directly or indirectly by the defendant's offense; and 2. Damage or loss related to the defendant's criminal episode." The State agrees that the battery victim's loss does "not bear a significant relationship to" A.M.'s criminal mischief offense. See R.A.B. v. State, 932 So.2d 1227, 1229 (Fla. 2d DCA 2006) (reversing an order of restitution to a victim that did "not bear a significant relationship to the offense of obstructing or opposing an officer without violence"). However, the State requests that we remand the order to the juvenile court so that the court may enter a corrected order of restitution for count II that would significantly relate to that charge.
Because A.M. had no prior felony adjudications or adjudications withheld, the juvenile court erred in ordering him to cooperate with DNA testing on count II. We find also that the court erred by including in the commitment order for count II an order for A.M. to pay restitution to the victim of the battery. Therefore, on remand, the juvenile court shall enter an amended commitment order for count II omitting the requirements for DNA testing and for restitution to the victim of the battery. The court shall hold further proceedings to determine the appropriate amount of restitution on count II.

Sentencing Issues
Both orders commit A.M. "to the Department of Juvenile Justice (DJJ) for an indeterminate period, which shall not extend beyond the Child's 21st birthday or the maximum allowed by law." Neither order credits A.M. with the time he served in secure detention before his adjudicatory hearing. A.M. argues that this is error and asks that we remand the commitment orders to the juvenile court for correction of these sentencing errors.
*465 Section 985.231(1)(d), Florida Statues (2004), requires that "[a]ny commitment of a delinquent child to the Department of Juvenile Justice" be for an indeterminate time. However, that "time may not exceed the maximum term of imprisonment that an adult may serve for the same offense." Id. Further, the commitment may not extend beyond the child's twenty-first birthday. Id. The maximum sentence for third-degree felony battery is five years' imprisonment. See §§ 784.041(2), 775.082(3)(d), Fla. Stat. (2004). The maximum sentence for a second-degree misdemeanor under the 2004 version of the Florida Statutes is sixty days.[3] § 775.082(4)(b). The juvenile court signed A.M.'s commitment orders on October 6, 2005. Therefore, A.M., who was born in 1990, will have served the maximum sentence for each offense before his twenty-first birthday. To further ensure that his commitment "will not exceed statutory limits," the juvenile court must credit A.M. with the days that he spent in secure detention before his adjudicatory hearing. See J.I.S. v. State, 930 So.2d 587, 590 (Fla.2006). This is so because A.M.'s commitment, although technically indeterminate, "will necessarily conclude before the juvenile reaches the age at which DJJ's authority ends." Id.
The State concedes that the commitment orders could be construed as committing A.M. beyond the maximum terms allowed for his offenses. The State suggests that we remand the orders to the juvenile court for the entry of corrected orders that add the clarifying language "whichever comes first" after the words "or the maximum allowed by law." This language is suggested by Florida Rule of Juvenile Procedure Form 8.947. However, it is undeniable that the maximum terms for A.M.'s offenses will end before his twenty-first birthday. Therefore, we remand for the juvenile court to clarify the commitment orders. The amended order for count I shall commit A.M. to the Department of Juvenile Justice for an indeterminate term not to exceed five years; the amended order for count II shall commit him for an indeterminate term not to exceed sixty days. On remand, the juvenile court shall also credit A.M. with the time he served in secure detention prior to his adjudicatory hearing.
Affirmed; remanded with directions.
WHATLEY, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] Both of A.M.'s offenses were committed on November 22, 2004.
[2] Approximately three months after the entry of the commitment orders, the juvenile court entered an order of restitution. In this separate restitution order, the juvenile court found the $14,036.34 amount to be "reasonable restitution for the Child and/or parents to pay through the Court." The juvenile court ordered further that restitution payments at the rate of $50 per month would begin ninety days after A.M. was released from the program to which he was committed. On appeal, A.M. contends that the separate restitution order improperly requires his parents to make restitution. According to A.M., the juvenile court did not make the necessary inquiries that would authorize it to find that his parents are liable to make restitution as a result of his delinquent acts. We do not address this issue because neither A.M. nor his parents filed a notice of appeal from the separate restitution order. In addition, we note that the juvenile court lacked jurisdiction to enter the separate restitution order because that order was entered after A.M. filed his notice of appeal. See Pearson v. State, 686 So.2d 721, 721-22 (Fla. 2d DCA 1997). However, we do agree with A.M. that the preprinted form "Order of Restitution" employed by the juvenile court in this case is subject to conflicting interpretations on the issue of parental liability for restitution. The juvenile court may wish to consider revising this form to avoid the same problem in future orders.
[3] The legislature amended section 985.231(d) to increase the length of time a juvenile could be committed for a second-degree misdemeanor to a maximum of six months, effective July 1, 2005. See ch. 05-263, § 6, at 2405, Laws of Fla. Section 985.231(d) has since been renumbered as section 985.455(3). See ch. 06-120, § 53, at 1493-95, Laws of Fla.