977 So.2d 770 (2008)
T.J.N., Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-673.
District Court of Appeal of Florida, Second District.
March 28, 2008.
*771 James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
T.J.N. appeals a trial court order requiring him to pay restitution in the amount of $1910 for damage he caused to a truck in connection with the commission of two batteries for which he was adjudicated. We conclude that T.J.N. is liable for the damage he caused to the truck but that the trial court improperly relied on hearsay testimony in establishing the amount of restitution. We therefore reverse the order as to the amount of restitution and remand for further proceedings.

I. Liability for Restitution

T.J.N, first argues that he is not liable for restitution because there was no causal connection between the battery offenses for which he was adjudicated and the damage to the truck. He contends that there was no evidence that he caused the damage while committing the batteries. In support of his position, T.J.N, relies on our decision in G.C. v. State, 944 So.2d 1099, 1099 (Fla. 2d DCA 2006), which reversed a restitution award because the "State failed to prove a nexus" between the juvenile's offenses and the victim's loss. For the reasons we will explain, we conclude that the reasoning of G.C. does not apply to the circumstances presented by the instant case.
The general statute governing restitution awards, section 775.089, Florida Statutes (2006),[1] provides in part:
(1)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
1. Damage or loss caused directly or indirectly by the defendant's offense; and
2. Damage or loss related to the defendant's criminal episode, unless it finds clear and compelling reasons not to order such restitution.
"The Florida Supreme Court has explained that restitution awards must be based on `both a "but for" causation requirement and a "significant relationship" requirement'" *772 G.C, 944 So.2d at 1100 (quoting Schuette v. State, 822 So.2d 1275, 1282 (Fla.2002)).
At the restitution hearing, the State presented testimony from the owner of the truck, Shane Lowe, that during the fight in which the offenses occurred, T.J.N, was fighting on and around the front and right sides of Lowe's truck. Lowe testified that prior to the fight, his truck was not damaged and that the fighting caused damage to the right side of his truck. Specifically, Lowe observed T.J.N, push someone up against the truck, punch the truck with his fist, and hit the truck with a bat. Another witness testified that T.J.N. "was up and down [the truck] the whole time, hitting it and getting shoved into it and he was shoving that kid into it." She saw T.J.N, swing a bat at someone and the bat "hit the . . . back of the truck on the right side." T.J.N. pleaded no contest to committing battery on two victims, Matt Lucia and Derek Arminger, and the State nolle prossed two counts of battery against Lowe and Jonathan Ricewick. Lowe testified that T.J.N. was fighting with Derek Arminger, the victim of one of the pleadedto counts, on the front side of the truck, but Lowe was unable to identify the person T.J.N. was fighting with on the right side of the truck where all of the claimed damage occurred. Lowe and another witness testified that T.J.N. was not fighting with Matt Lucia on the right side of the truck. Therefore, the State did not prove that the right-side damage was caused by the batteries for which T.J.N. was adjudicated. See § 775.089(1)(a)(1) (providing for restitution for "[d]amage or loss caused directly or indirectly by the defendant's offense"). The State did, however, prove that the damage was related to T.J.N.'s criminal episode. See § 775.089(1)(a)(2) (providing for restitution for "[d]amage or loss related to the defendant's criminal episode").
In G.C, 944 So.2d at. 1099, the juvenile was charged with trespass on property, burglary of a conveyance, and grand theft of an all-terrain vehicle (ATV) from the property. Pursuant to a negotiated plea agreement, the State nolle prossed the grand theft charge and the juvenile pleaded no contest to trespass on the property and trespass of a conveyance, a lesserincluded of the burglary charge. "The State sought restitution for the loss of the [ATV], which was apparently never recovered." Id.
This court held that "[b]y pleading no contest to trespass" of the ATV, G.C. only admitted to entering or remaining in it without permission, that "[h]e did not admit to grand theft[] and [that] in the plea deal the State abandoned that charge without securing G.C.'s agreement to pay restitution for the victim's loss occasioned by the theft of the [ATV]." Id. at 1100. The court went on to conclude:
Therefore, to obtain a restitution award for the loss of the vehicle, the State had to show that the loss would not have occurred but for the trespass. Because the State failed to prove the causation or nexus between G.C.'s trespass and the victim's loss, we reverse the restitution order.
Id. (citations omitted).
In G.C, the State did not prove that the loss of the ATV was caused by the pleaded-to offense of trespass. The State also failed to prove that the loss of the ATV was related to G.C.'s criminal episode. This court in G.C. recognized that restitution can be awarded for damages related to the defendant's criminal episode but ultimately concluded that the State had not proved the requisite nexus. G.C. is therefore distinguishable on this evidentiary basis from the instant case. See also Davis v. State, 741 So.2d 1213 (Fla. 2d *773 DCA 1999) (holding that restitution was improper where theft of jewelry was not related to offense of attempted burglary and where there was no indication that State presented evidence that theft of the jewelry was part of the defendant's criminal episode).
Since the State proved at the restitution hearing that the damage to the right side of the vehicle was caused by T.J.N, during the criminal episode involving the two batteries to which T.J.N, pleaded, we affirm the trial court's ruling that T.J.N. was responsible for restitution for damage to the right side of the truck.

II. Hearsay Evidence

T.J.N, further claims that the trial court erred in basing the amount of restitution on hearsay testimony from Lowe's insurance adjuster. T.J.N. is correct.
"When the amount of restitution is in dispute, . . . the state has the burden of demonstrating by a preponderance of the evidence the amount of the victim's loss." Thomas v. State, 581 So.2d 992, 993 (Fla. 2d DCA 1991). Hearsay evidence may not be used to determine the amount of restitution when there is a proper objection by the defense to the hearsay evidence. Id.
When testimony concerning the estimated cost of repairs to damaged property is "offered in evidence to prove the truth of the matter asserted," it is "hearsay" unless "made by the declarant while testifying at the trial or hearing." § 90.801(1)(c), Fla. Stat. (2006).[2] The "declarant" of the estimate is the person who was responsible for making the estimate. Accordingly,
in dealing with estimates it is imperative that we distinguish between a witnesses merely stating from hearsay what someone else has said the damages might be and an individual who is qualified to provide an expert opinion of the fair market value of the cost of repairs to the damaged property.
In re M.C.L., 110 S.W.3d 591, 595 (Tex. App.2003); see Williams v. State, 850 So.2d 627, 628 (Fla. 2d DCA 2003) (reversing restitution award which was based on hearsay evidence from the prosecutor regarding estimates for repair of a vehicle); Craft v. State, 769 So.2d 1096, 1097 (Fla. 2d DCA 2000) (reversing restitution award because it was based on hearsay testimony from the victim regarding estimate for repairs to her vehicle); see also Atkins v. State, 728 So.2d 288, 289 (Fla. 2d DCA 1999) (reversing restitution award because it was based on testimony from a witness who "testified directly from information gathered and provided by two subordinates"); Moore v. State, 694 So.2d 836, 837 (Fla. 2d DCA 1997) (reversing restitution order because testimony of the State's witnesses "was based on information they received from an accountant who did not testify and on their examination of documents, and records that were not produced at the restitution hearing").
The State presented the testimony of the insurance adjuster regarding the estimated cost of repairs to the damage on the right side of the truck. During cross-examination, the insurance adjuster revealed that he was basing his testimony on an estimate he had received from an auto body shop. T.J.N, objected to the consideration of the hearsay testimony regarding *774 the amount of damages. No competent evidence was presented concerning the amount of the damages. Accordingly, the trial court had no basis for determining the restitution amount and T.J.N, is entitled to a new hearing concerning the amount of restitution.

III. Conclusion

We affirm the trial court's determination that T.J.N. is liable for restitution, but we reverse the trial court's determination concerning the amount of restitution. The case is remanded for a new hearing concerning the amount of restitution.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and VILLANTI, JJ., concur.
NOTES
[1] The statute concerning powers of disposition in juvenile delinquency cases which was in effect at the time of T.J.N.'s offenses provides that a trial court may "order the child to make restitution . . . for any damage or loss caused by the child's offense." § 985.231(1)(a)(6), Fla. Stat. (2005); cf. § 985.437(2), Fla. Stat. (2006) (containing similar provisions and enacted in 2006 but not effective until January 1, 2007, after the date of the offenses in this case). The supreme court has treated the juvenile restitution provisions similarly to the general restitution statute, see Schuetce v. State, 822 So.2d 1275, 1281 n. 5 (Fla.2002), and this court has applied the general restitution statute to juvenile cases, see G.C, 944 So.2d at 1100. T.J.N, does not argue that the juvenile statute  which appears to provide a narrower authorization for restitution awards  applies over the general statute. In fact, T.J.N, cites the general statute as applying to this case.
[2] "Written opinions or estimates may qualify as a business record exception to the hearsay rule under section 90.803(b), Florida Statutes (2006), if production of estimates is a regularly conducted business activity." Butler v. State, 970 So.2d 919, 920-21 (Fla. 1st DCA 2007).