WHATLEY, Judge.
Jovan Cummings appeals his judgments and sentences for two counts of trespass in an occupied structure or conveyance, arguing that the trial court erred in imposing restitution. We reverse that part of the restitution order requiring Mr. Cummings to pay for the loss of a victim’s vehicle, because the State failed to establish a nexus between Mr. Cummings’ offense and the loss of the vehicle. The remaining portion of the restitution order is affirmed.
Mr. Cummings was originally charged with burglary of an unoccupied dwelling and two counts of grand theft. The charges were reduced pursuant to a plea agreement, and a restitution hearing was held after Mr. Cummings had entered the plea. At the hearing, the owner of the vehicle at issue, Mack Cass, testified regarding how much the vehicle was worth *556 and his other expenses related to the theft of the vehicle. However, there was no testimony or evidence indicating that the loss of the vehicle was caused directly or indirectly by Mr. Cummings’ offense of trespass or that such loss was related to his criminal episode.
Section 775.089, Florida Statutes (2008), provides as follows:
(l)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
1. Damage or loss caused directly or indirectly by the defendant’s offense; and
2. Damage or loss related to the defendant’s criminal episode, unless it finds clear and compelling reasons not to order such restitution....
(b)l. If the court does not order restitution, or orders restitution of only a portion of the damages, as provided in this section, it shall state on the record in detail the reasons therefor.
2. An order of restitution entered as part of a plea agreement is as definitive and binding as any other order of restitution, and a statement to such effect must be made part of the plea agreement. A plea agreement may contain provisions that order restitution relating to criminal offenses committed by the defendant to which the defendant did not specifically enter a plea.
Here, there was no language in the plea agreement indicating that Mr. Cummings agreed to pay restitution. Further, although the State asked the trial court at the plea hearing to “order and reserve on restitution,” Mr. Cummings did not orally agree to pay restitution. See R.A.B. v. State, 932 So.2d 1227, 1229 (Fla. 2d DCA 2006) (holding that record did not establish that restitution was a condition of appellant’s plea agreement where State noted it was seeking restitution at plea hearing, appellant merely agreed to set a restitution hearing date, and trial court failed to inform appellant that he was waiving his right to contest restitution). Consequently, the State was required to show that the loss of the vehicle was caused directly or indirectly by Mr. Cummings’ offense and that such loss was related to his criminal episode.
This case is on point with G.C. v. State, 944 So.2d 1099, 1099 (Fla. 2d DCA 2006), where G.C. was charged with grand theft of a motor vehicle, burglary of a conveyance, and trespass on property other than a structure or conveyance. It was alleged that he trespassed onto a business’s property and took an all-terrain vehicle, which was never recovered. Id. Pursuant to a plea agreement, G.C. pleaded no contest to trespass in a conveyance and trespass on property and the State dropped the grand theft charge. Id.
In G.C., 944 So.2d at 1100, this court held that the State failed to establish a nexus between G.C.’s trespass and the loss of the vehicle:
By pleading no contest to trespass, G.C. admitted only to entering or remaining in the vehicle without permission. See § 810.08(1). He did not admit to grand theft, and in the plea deal the State abandoned that charge without securing G.C.’s agreement to pay restitution for the victim’s loss occasioned by the theft of the [vehicle].
Similarly, in Davis v. State, 741 So.2d 1213, 1214 (Fla. 2d DCA 1999), the appellant was initially charged with burglary of a dwelling and he entered a plea to attempted burglary. This court held that by pleading to only attempted burglary, the appellant admitted to attempting to enter the residence with the intent to commit some offense, and therefore, there was not a significant relationship between the at *557 tempted burglary judgment and the victim’s loss of items taken from her home. Id. at 1214. In the present case, there was no testimony establishing a nexus between Mr. Cummings’ trespass in the vehicle and the loss of the vehicle. Therefore, the trial court erred in ordering him to pay restitution for the loss of Mr. Cass’s vehicle.
Accordingly, we reverse the portion of the restitution order as it relates to the loss of Mr. Cass’s car, but we affirm the restitution order in all other respects. The case is remanded for a new hearing concerning what restitution, if any, is owed for the loss of the vehicle.
Affirmed in part, reversed in part, and remanded.
DAVIS and MORRIS, JJ., Concur.