WELLS, Judge.
K.N., a juvenile, appeals from an order of restitution entered after she pled no contest to misdemeanor trespass. Because the State failed to prove a sufficient causal connection between a portion of the restitution ordered and the trespass offense, we reverse that portion of the restitution order.
The State charged K.N. with burglary of an unoccupied dwelling, criminal mischief, and grand theft. According to the delinquency petition, K.N. allegedly entered an unoccupied residence by breaking a sliding glass door (after damaging another door of the home) and then stole cash and jewelry from the home. Pursuant to a plea agreement, K.N. agreed to plead no contest to misdemeanor trespass — a lesser included offense of burglary — with the State abandoning the grand theft and criminal mischief charges. There was no written plea agreement. At the plea hearing, the only reference to restitution was a statement by the prosecutor that “[wje’re reserving on restitution as well.” The lower court withheld adjudication and placed K.N. on probation.
At the subsequent restitution hearing, the State argued that K.N. should be ordered to pay not only the cost of repairing the doors damaged during the trespass, but also the cost of the jewelry and cash stolen from the home. While K.N. agreed that she should pay for the damage to the doors, which she conceded was associated with the trespass charge, she disputed the propriety of a restitution order which she claimed would be related to the abandoned theft charge. Following an evidentiary hearing at which the homeowners testified about the damage to the doors of their home, the condition of their home on the day of the trespass, and the value of cash and items missing that day from their home, the court below ordered K.N. to pay restitution for the damaged doors, the jewelry and the cash.
The State argues here, as it did below, that restitution for the jewelry and cash was appropriate because such restitution was expressly part of the plea agreement. See § 775.089(1)(b)(2) (“A plea agreement may contain provisions that order restitution relating to criminal offenses committed by the defendant to which the defendant did not specifically enter a plea.”). According to the State, it would not have agreed to reduce the burglary charge to trespass and to abandon the grand theft and criminal mischief charges without KN.’s agreement to pay restitution for these losses and that this agreement was confirmed by the prosecutor’s statement that “[wje’re reserving on resti *1260 tution as well.” We do not agree that either the State’s unilateral intention or this statement evidences any such agreement on K.N.’s part. See R.A.B. v. State, 932 So.2d 1227, 1229 (Fla. 2d DCA 2006) (“Although the State indicated that it was seeking restitution at the plea hearing, defense counsel did not concede that restitution was appropriate but merely agreed to set a restitution mediation date. Furthermore, the court did not inform [defendant] that he was waiving his right to contest restitution during the plea colloquy.”). Thus, the instant appeal turns on whether the restitution ordered is for “[d]amage or loss caused directly or indirectly by the defendant’s offense” and whether that “[d]amage or loss related to the defendant’s criminal episode.” § 775.089(1)(a)1.-2., Fla. Stat. (2010).
With regard to the doors to the home in question, there can be no doubt that these criteria were met. The same cannot be said as to the missing cash and jewelry. To order restitution under section 775.089, the State must prove that the loss or damage for which the defendant is being ordered to pay, is causally connected to the offense and bears a significant relationship to it. See § 775.089(7), Fla. Stat. (2010); Watson v. State, 699 So.2d 835, 836 (Fla. 3d DCA 1997). In this case, K.N. pled guilty to trespass and admitted only to entering or remaining in the home at issue without permission. She did not admit to criminal mischief or to theft, both of which were abandoned. Therefore, to obtain restitution for the loss or theft of the missing cash and jewelry, the State had to show that the loss would not have occurred but for the trespass. See Socorro v. State, 901 So.2d 940, 941 (Fla. 5th DCA 2005) (“[I]f ‘but for’ the criminal episode, damages would not have been incurred by the victim, restitution is proper.”); Davis v. State, 741 So.2d 1213, 1214 (Fla. 2d DCA 1999) (reversing restitution for stolen items when the defendant pled to attempted burglary, not theft). Because it failed to do so K.N. should not have been ordered to pay for these losses.
As our sister court in G.C. v. State, 944 So.2d 1099 (Fla. 2d DCA 2006), has confirmed, pleading guilty to a trespass, without admitting to a charged theft or agreeing to pay restitution for that theft, will not support restitution for items stolen absent proof of causation or nexus between the trespass and the theft loss. Thei’e, as here, the defendant, G.C., was charged with trespass, there for allegedly entering a business without permission. There, as here, the defendant was charged with a theft, there for taking an all-terrain vehicle which was never recovered. There, as here, G.C. pled no contest to trespass, there to trespass in a conveyance — a lesser included offense of the burglary charge— and trespass on property. There, as here, the State nol prossed the theft charges. The trial court in G.C. thereafter granted restitution for the loss of the vehicle. The Second District reversed the restitution order for the theft of the vehicle because G.C. pled only to trespass, did not admit to the theft, and did not agree to pay restitution stemming from the theft, and because the State had failed to prove the required causation or nexus between the trespass in a conveyance offense and the stolen vehicle:
By pleading no contest to trespass [in a conveyance], G.C. admitted only to entering or remaining in the vehicle without permission. See § 810.08(1). He did not admit to grand theft, and in the plea deal the State abandoned that charge without securing G.C.’s agreement to pay restitution for the victim’s loss occasioned by the theft of the [all-terrain vehicle]. See § 775.089(1)(b)(2) (“A plea agreement may contain provi *1261 sions that order restitution relating to criminal offenses committed by the defendant to which the defendant did not specifically enter a plea.”).
Therefore, to obtain a restitution award for the loss of the vehicle, the State had to show that the loss would not have occurred but for the trespass. See, e.g., Socorro v. State, 901 So.2d 940, 941 (Fla. 5th DCA 2005) (“[I]f ‘but for’ the criminal episode, damages would not have been incurred by the victim, restitution is proper.”); Davis v. State, 741 So.2d 1213 (Fla. 2d DCA 1999) (reversing restitution for stolen items when defendant pleaded to attempted burglary, not theft, and there was no significant relationship between offense and victim’s loss). Because the State failed to prove the causation or nexus between G.C.’s trespass and the victim’s loss, we reverse the restitution order.
G.C., 944 So.2d at 1100.
The same reasoning applies here. K.N. pled only to the trespass charge. She did not admit to the charged theft, nor did she agree to pay restitution for losses stemming from it. And since the State failed to prove causation or nexus between the trespass and the theft losses, that portion of the restitution order requiring K.N. to pay for the stolen cash and jewelry must be reversed.
We therefore reverse that portion of the restitution order requiring restitution for the loss of the stolen cash and jewelry and affirm that portion of the order requiring restitution relating to damage to the doors of the home.
Affirmed in part; reversed in part; remanded.