GERBER, J.
The defendant appeals from an order to pay restitution in a case where he was convicted of: (1) trespass of a structure, as a lesser included offense of burglary of a structure; and (2) trespass of a conveyance, as a lesser included offense of burglary of a conveyance. He argues the state did not present competent, substantial evidence that the trespass offenses directly or indirectly caused, or were related to, the damages and loss upon which the court based the restitution order. We agree with the defendant in part and reverse part of the restitution order.
The state presented the following evidence at trial. A tow company employee returned to the company’s fenced-in tow yard and saw the defendant sitting on the passenger side of a truck stored in the yard. When the employee opened the tow yard’s gate, the defendant jumped over the back fence. As the defendant fled, the employee did not see anything in the defendant’s hands. The employee looked inside the truck and saw that the truck’s passenger side window was broken with glass on the floor, the dashboard was damaged, and the radio/GPS device was removed. The employee and the tow company’s owner searched the neighborhood and caught the defendant a few blocks away. The defendant did not possess the radio/GPS device. After the police arrested the defendant, they searched the tow yard and the area between the tow yard and where the defendant was caught. They did not find the radio/GPS device either.
The state charged the defendant with burglary of a structure and burglary of a conveyance. At trial, the truck’s owner testified that when he stored the truck with the tow company two days earlier, all of the "windows were in place, as was the radio/GPS device. The tow company’s owner further testified that, on the day of the incident, he did not see any windows broken in the tow yard.
The jury found the defendant guilty of only the lesser included offenses of trespass of a structure and trespass of a conveyance. At sentencing, the state asked the trial court to order the defendant to pay restitution for the truck’s window, dashboard, and radio/GPS device. The truck’s owner testified that the radio/GPS replacement was $1200, the dashboard repair was $80, and the window replacement was $150. The defendant argued that he should not have to pay restitution for the truck’s damages because the state did not prove the trespass offenses caused those damages. The court rejected the defendant’s argument and ordered him to pay $1500 in restitution.
This appeal followed. The defendant argues the state did not present competent, substantial evidence that the trespass offenses directly or indirectly caused, or were related to, the damages and loss upon which the court based the restitution order. See L.O. v. State, 718 So.2d 155, 157 (Fla.1998) (a court’s order setting the amount of restitution will be upheld if supported by competent, substantial evidence in the record); Hunter v. State, 48 So.3d 174, 175 (Fla. 4th DCA 2010) (“Restitution must be proved by substantial, competent evidence and this evidence must be greater than mere speculation.”) (citation omitted).
We conclude that competent, substantial evidence exists to support the restitution order as to the window replacement, but does not exist as to the radio/GPS replacement and the dashboard repair. The restitution order as to the radio/GPS replacement and the dashboard repair is based on *1263 mere speculation. We reach this conclusion after applying the restitution statute and pertinent case law to the facts here.
Section 775.089(1)(a), Florida Statutes (2010), provides, in pertinent part:
In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
1. Damage or loss caused directly or indirectly by the defendant’s offense; and
2. Damage or loss related to the defendant’s criminal episode,
unless it finds clear and compelling reasons not to order such restitution.
§ 775.089(1)(a), Fla. Stat. (2010) (emphasis added). Put another way, “to order restitution under the statute, the court must find that the loss or damage is causally connected to the offense and bears a significant relationship to the offense. Further, under the statute, the State must establish these factors by a preponderance of the evidence.” Glaubius v. State, 688 So.2d 913, 915 (Fla.1997) (citations omitted). Our supreme court “has equated the ‘significant relationship’ test with the requirement of proximate causation between the criminal act and the resulting damages because the Court has required both a ‘but for’ causation requirement and a ‘significant relationship’ requirement.” Schuette v. State, 822 So.2d 1275, 1282 (Fla.2002).
In this case, the state established by competent, substantial evidence proximate causation between the trespass offenses and the broken window. The basic elements of trespass are: (1) the defendant willfully entered or remained in a structure, conveyance, or other property; (2) the structure, conveyance, or other property was owned by or in the lawful possession of another; and (3) the defendant’s entering or remaining in the structure, conveyance, or other property was without authorization, license, or invitation by any person authorized to give that permission. See Fla. Std. Jury Instr. (Crim.) 13.3 & 13.4 (2010). Here, the state presented circumstantial evidence, through the truck’s owner, the tow company employee, and the tow company owner, that the defendant entered the truck by breaking the window. The truck’s owner testified that when he stored the truck with the tow company two days earlier, all of the windows were in place. The tow company owner testified that, on the day of the incident, he did not see any windows broken in the tow yard. The tow company employee testified that when he looked in the truck after the defendant fled, he saw that the truck’s passenger side window was broken with glass on the floor.
However, based on the jury’s verdict, the state did not establish by competent, substantial evidence any proximate causation between the trespass offenses and the damage to the dashboard and the loss of the radio/GPS device. Trespassing into the truck may have required the defendant to break the window. It would not have required him to damage the dashboard or remove the radio/GPS device. If the jury had found the defendant guilty as charged of burglary, then the restitution order as to the damage to the dashboard and the loss of the radio/GPS device would have withstood review. The basic elements of burglary are: (1) the defendant entered a structure or conveyance owned by or in the possession of another person; and (2) at the time of entering the structure or conveyance, the defendant had the intent to commit an offense in that structure or conveyance. See Fla. Std. Jury Instr. (Crim.) 13.1 (2010). Applying those elements here, the defendant’s entry into the tow yard and the truck may have occurred with the intent to commit the theft of the radio/GPS device by prying it out of the dashboard. However, because *1264 the state did not prove the burglary-charges here, it would be mere speculation to conclude that the trespasses alone proximately caused the damage to the dashboard and the loss of the radio/GPS device.
Case law from our sister courts supports our reasoning. See, e.g., K.N. v. State, 61 So.3d 1258, 1260-61 (Fla. 3d DCA 2011) (where a juvenile was charged with burglary, criminal mischief, and grand theft of stolen cash and jewelry from a home, but pled to trespass pursuant to a plea agreement, and the state failed to show that the loss or theft of the missing cash and jewelry would not have occurred but for the trespass, the trial court erred in ordering the juvenile to pay for those losses); Cummings v. State, 39 So.3d 555, 557 (Fla. 2d DCA 2010) (where the defendant was charged with burglary and grand theft of a vehicle, but pled to trespass pursuant to a plea agreement, and there was no testimony establishing a nexus between his trespass in the vehicle and the loss of the vehicle, the trial court erred in ordering him to pay restitution for the loss of the vehicle); S.M. v. State, 881 So.2d 78, 79-80 (Fla. 5th DCA 2004) (where a juvenile pled no contest to the charge of trespass in a vehicle, and the state failed to present any evidence that the juvenile was responsible for damaging the vehicle or stealing its contents, the trial court erred in ordering restitution for these items).
Based on the foregoing, we direct the trial court to vacate the restitution order of $1500 and enter a new restitution order of $150 for the window replacement only.

Affirmed in part, reversed in part, and remanded for entry of a new restitution order.

MAY, C.J., and LEVINE, J., concur.