HARRIS, J.
S.S. appeals a restitution order imposed against him. Because the State failed to present evidence that S.S. caused the damages for which restitution was sought, we reverse the restitution order.
In its petition for delinquency, the State charged S.S. with grand theft of a motor vehicle, a third-degree felony under section 812.014(2)(c)(6), Florida Statutes (2017). Ultimately, the State and S.S. entered into a plea agreement by which S.S. pled to a lesser-included offense of trespass in a conveyance. As part of the negotiated plea agreement, he was required to pay restitution. The trial court ordered restitution and reserved jurisdiction to set the specific amount.
At the restitution hearing, the owner of the vehicle testified that her car was in perfect condition before the theft, but when it was returned, it had extensive damage, including water damage and removal of the electrical wiring. The State's *706 expert testified that the total cost of damages was $3,310.37, which included costs to replace the sunroof, repair the overhead console, and a service charge. At the conclusion of the hearing, defense counsel argued that the State failed to meet its burden of demonstrating that S.S.'s trespass was the cause of the damage to the car. More importantly, defense counsel pointed out that there was no mention of damage to the car in the police reports, and that it was not until after S.S. entered into a plea agreement that the State, for the first time, produced estimates of damage to the vehicle. Nevertheless, the trial court held that the State met its burden and awarded $3,672.73 in restitution. We find that the trial court erred in ordering restitution based on damages to the vehicle because there was an insufficient nexus between the crime to which S.S. plead, trespass in a conveyance, and the damages actually sustained.
Section 985.437(2), Florida Statutes (2017), provides that a court may order a child to pay restitution "for any damage or loss caused by the child's offense." This statute has been interpreted similarly to the adult restitution statute, section 775.089(1)(a), Florida Statutes (2017), which allows a court to award restitution for "[d]amage or loss caused directly or indirectly by the defendant's offense" and "[d]amage or loss related to the defendant's criminal episode." L.R.L v. State, 9 So.3d 714, 715-16 (Fla. 2d DCA 2009). The "general rule is that a juvenile may be ordered to pay restitution 'for damages that bear a significant relationship to the convicted offense.' " S.M. v. State, 881 So.2d 78, 80 (Fla. 5th DCA 2004) (quoting D.M. v. State, 755 So.2d 752, 753 (Fla. 4th DCA 2000) ).
In G.C. v. State, 944 So.2d 1099 (Fla. 2d DCA 2006), the defendant entered a construction site and took an all-terrain vehicle. As part of a plea agreement, the State nolle prossed the grand theft charge in exchange for G.C.'s plea of no-contest to trespass in a conveyance. The court held that the State could not recover restitution for the loss of the vehicle because "[b]y pleading no contest to trespass, G.C. admitted only to entering or remaining in the vehicle without permission" not grand theft of the vehicle, meaning that the State failed to prove a nexus between loss of the vehicle and G.C.'s trespass. Id. at 1100.
In this case, the State made no attempt to show by competent, substantial evidence a causal relationship between the underlying charged offense and the restitution damages sought. In addition to the lack of evidence in the police report establishing that the vehicle was found in damaged condition, the record evidence only appears to show that S.S. drove the vehicle for a short period of time and slept in the car for a half-hour to an hour. Thus, like in G.C., the State has not shown by competent, substantial evidence that S.S.'s trespass caused the damage to the vehicle.
Because S.S. was not on notice that he would be responsible for damages to the vehicle in which he admitted trespassing, and because the State failed to establish a nexus between the trespass and the actual damage to the vehicle, the trial court erred in ordering restitution. We reverse the restitution order and remand for a new evidentiary hearing.
REVERSED and REMANDED.
EVANDER and EDWARDS, JJ., concur.